*Guthrie* for appellants: *Cates & Lindsey* for appellee.

---

## Kleissendorff *vs* Fore.

ERROR TO THE JEFFERSON CIRCUIT.

### Executions.   Amendments.

JUDGE MARSHALL delivered the opinion of the Court.

On a judgment obtained by Fore, assignee of Maxey & Son, against Kleissendorff, for $665 debt, with interest from the 19*th day of April*, 1842, till paid, an execution issued for the same debt, with interest from the 19th day of *March*, 1842, till paid, which execution having been returned "no property found," Kleissendorff afterwards moved to quash the same on account of the variance between it and the judgment: but the Court refused to quash, and on motion of the plaintiff, directed the execution to be amended by erasing "March" and inserting "April," so as to conform to the judgment, which was done; and Kleisendorff, by his writ of error, questions the propriety of this proceeding.

The power of a Court to amend a subsequent part of the record by that which precedes it, and especially to amend such variances and inaccuracies in executions as are obviously mere clerical misprisions, has been too long and too well established to admit of question. This power of making the record consistent with itself, by amendment, should not, however, be so exercised as to make it speak falsely with regard to extrinsic facts of which it is to bear witness, and in which individual in-

*Marginalia (right column):*

KLEISSENDORFF
*vs*
FORE.

MOTION.

Case 128.

May 25.

The case stated.

Clerical misprisions are at all times amendable if there be any thing by which to amend, subject however to such rules as will not affect the interest of third persons, or make the record speak falsely with regard to extrinsic facts of which it

KLEISSENDORFF
vs
FORE.

is to bear wit-
ness.

Qu.—If an exe-
cution described
a judgment as
rendered in
*March* which
was in fact ren-
dered in *April*,
would the Court
for that cause
quash a sale
made under it?

terests may be concerned ; and if such were the effect of amending the execution in this case, the desired consistency of the record with itself should rather have been effected by quashing than by amending the execution.

It is contended in the present case, that the execution, as it came to the officers hands, did not authorize a levy and sale of land, because there was no judgment to support it ; that the Sheriff's return, therefore, did not prove that the defendant had no land, and consequently, that by changing the execution so as to make it conform to the judgment, a different effect is given to the return as evidence of insolvency ; whereby, as it is suggested, the question of due diligence between the assignee and his assignor, and the liability of Kleissendorff to the latter may be affected.

Without stopping to inquire how far this remote and contingent interest of Kleissendorff should be regarded in this case, or whether he can be considered as having any interest in the controversy between the assignee and assignor, so far as it depends on due diligence in this suit, or whether it can be deemed material to him whether he is to become liable to the assignor or not, since he is certainly liable for the debt, and cannot be made to pay it twice; we are of opinion that the amendment of the execution does not change the import of the Sheriff's return, as it bears upon the question of insolvency, and, therefore, that it cannot have the injurious effect which alone would furnish ground for reversal.

1. In the first place, it is not admitted, in the broad sense in which it is asserted, that there was no judgment to support the execution, as it came to and existed in the officer's hands. It is deemed absolutely certain that it issued on the judgment between these parties already referred to, and that by clerical misprision, it varies from the judgment, by calling for one month's interest which is not given by the judgment, thus producing an excess of between three and four dollars. It is only as to this excess that the execution is unsupported by the judgment. Suppose a levy and sale of land had been made to the amount of one half of the debt, or to the amount of the true debt, leaving unsatisfied the precise amount of the

excess; would the sale have been quashed because of the small error in the execution, when there was a judgment for the whole sum produced by the sale? We do not know of any case which would authorize an affirmative answer to this question; and we suppose that under such circumstances, the sale would not be quashed, but the execution would be amended. Nor indeed is it by any means certain that a sale for the whole amount of the execution would have been quashed on account of the small excess. This might have depended upon the particular circumstances of the case. It cannot, therefore, be admitted that this judgment and execution would not have supported a levy and sale of land to some extent, or that the Sheriff would have been justified in abstaining from such levy and sale, if he had even compared the execution with the judgment, and ascertained the excess.

2. But as has often been decided, the Sheriff having an execution in his hands is not bound to look to the judgment; he is not presumed to look beyond the execution, which itself furnishes a complete justification to him for acting in obedience to its mandate, and requires him to do so. It is to the mandate of the writ that he responds by his return, and not to the judgment. And the import of the return is to be determined by comparing it with the mandate of the execution, and not by comparing the execution with the judgment, which the Sheriff is not presumed to have inspected. The writ commanded the Sheriff to make the debt, and interest, and costs out of the estate, (i. e. lands, goods, and chattels,) of the defendant, Kleissendorff, for which, as it states, there was a judgment against him of record. The return that no property is found out of which to satisfy the execution, imports that the Sheriff can find neither land nor goods and chattels of the defendant, subject to seizure; and this would be its import though it should afterwards be ascertained that there was, in fact, no such judgment as the execution refers to. If the slight variance between the execution and the judgment in this case, if known to the Sheriff, could have been deemed a sufficient reason by him, for abstaining from a levy on land,

Sheriff is not bound to know that there is a judgment on which an execution issued—the execution is his authority and justification for acting.

which it would be difficult to believe, it could scarcely be doubted that if he had, on that account, abstained from making a levy, which he would otherwise have felt bound to make, he would in his return have referred to the circumstance which, in his opinion, had justified him in failing to obey the command of the writ in his hands. The more probable course of the Sheriff, if he had known of the variance and regarded it as in any degree restrictive of the operation of the writ, would have been to have taken it to the Clerk for correction. But be this as it may, it cannot be presumed, in the absence of all reference to the subject in the return, that the Sheriff knew of the variance, or that if known, it had any influence on his action under the writ. In any view of the case then, the return of the Sheriff imported, when it was made, that the defendant in the execution had neither land nor goods in the county, and it was false if he had lands. The amendment made in the execution, did not, therefore, vary the import of the record as evidence of the insolvency of the defendant.

3. We may remark further, that as the amendment was authorized by the Court, and the record shows that the word "March" was erased in the execution, and the word "April" inserted in its place, the record itself furnishes evidence of the original form of the execution. And if the original form of the execution, as compared with the return, afforded either alone or in connection with extrinsic evidence, any ground for restricting the effect of the return as evidence of insolvency, that ground is not taken away by the amendment, but is just as available as it was before; and especially to Kleissendorff, who being a party to the motion to amend, is cognizant of all the facts appearing on the record of that motion. The amendment precluded no right or ground of defence which Kleissendorff could have had in this or any other action. Nor did it preclude the assignor from any inference or advantage which he might otherwise have had from the original form of the execution. It made the record consistent, and had no wrongful operation upon any interest involved.

The defendant in an execution is not prohibited by an amendment made in the execution, from showing extraneous facts which the amendment may be intended to obviate.

Wherefore, the judgment and order directing said amendment, is affirmed.

*Duncan & Ripley* for plaintiffs: *Ballard* for defendant.